UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Jose Martin Vega,

                            Petitioner,

                                                    99-CV-3229 (CPS)

        - against -

United States of America,                           MEMORANDUM OPINION
                                                    AND ORDER

                            Respondent.

-------------------------------------X
SIFTON, Senior Judge.

        After a fourteen week jury trial, petitioner, Jose Martin

Vega, was convicted in 1995 on fifteen counts of racketeering and

drug activity.[1]  Thereafter, petitioner was sentenced to four

concurrent life sentences plus an additional ninety years.

Presently before the Court is petitioner's motion pursuant to

Federal Rule of Civil Procedure 60(b), seeking reconsideration of

this Court's September 29, 2001 Memorandum and Order denying

petitioner's motion under 28 U.S.C. § 2255.[2]  Petitioner also

_____

        [1] Petitioner was convicted of count 1, 18 U.S.C. § 1962(c) (RICO); count
2, 18 U.S.C. § 1962(d) (RICO conspiracy); count 30, 18 U.S.C. § 884(i)
(arson); count 31, 18 U.S.C. § 924(c)(1) (using and carrying a destructive
device in relation to a crime of violence); counts 32 and 33, 18 U.S.C.
§ 1959(a)(5) (conspiracy to murder in aid of racketeering); count 34, 18
U.S.C. § 1959(a)(1) (murder in aid of racketeering); count 35, 18 U.S.C.
§ 924(c)(1) (using and carrying a firearm in relation to crimes of violence);
count 37, 18 U.S.C. § 1959(a)(5) (murder conspiracy); count 38, 18 U.S.C.
§ 924(c)(1) (using and carrying of a firearm); count 40, 18 U.S.C.
§ 1959(a)(5) (murder conspiracy); count 41, 18 U.S.C. § 1959(a)(5) (murder
conspiracy); count 42, 18 U.S.C. § 1959(a)(3) (assault in aid of
racketeering); count 43, 18 U.S.C. § 924(c)(1) (carrying and using a firearm);
and count 44, 21 U.S.C. § 846 (conspiracy to distribute and possess with
intent to distribute cocaine base and heroin, all relating to the entire
scheme).

        [2] Petitioner characterizes his motion as "seek[ing] to vacate the
federal court judgment dismissing the habeas petition."  Petitioner's motion,
filed December 9, 2005, p. 7 (discussing case law relating to circumstances

seeks an evidentiary hearing[3] and appointment of counsel[4].  For
the reasons set forth below, petitioner's motions are denied.

**BACKGROUND**

<u>Factual History</u>

The following facts are essentially undisputed and are taken
from court records, the parties' submissions in connection with
the present motion, and previous decisions in this case,
familiarity with which is presumed.

Petitioner, William and David Mora, Leo Contrera, and Love
Brooks were each convicted after a fourteen-week trial in the
fall of 1995 of participating in the Mora brothers' crack
distribution organization (the "Mora gang" or the "gang") in
Brooklyn, New York.  The trial detailed ten years of crack
dealing by the Mora gang and the violence used by the gang in its
attempt to maintain its territory.  Petitioner became involved in
the gang's affairs several months before the gang's activities

---

under which Rule 60(b) motions can be made).  Petitioner also requests in his
Memorandum "that the Court reopen the appeal from the judgment of conviction
and sentence since procedurally barring Vega's claims will contribute to a
fundamental miscarriage of justice."  *Id.* at 22.

[3] Petitioner specifically requests an evidentiary hearing before this
Court or a Magistrate Judge "to elicit testimony of clinical professionals,
cross-examine trial counsel or [petitioner] to properly develop the record,
and thereafter, allow [this Court] to evaluate the evidence presented and
strain it through a technical sieve."  Vega Declaration, filed January 26,
2006, p. 5-6.

[4] Petitioner has made two separate motions for appointment of counsel.
The first motion seeks an appointment of counsel pursuant to 18 U.S.C. §
3006(a)(2)(B) and the second seeks an appointment of counsel pursuant to 28
U.S.C. § 1915(E)(1).

came to an end.  Evidence relating to petitioner's involvement in several violent shootouts organized by gang leader William Mora during this period came principally from accomplices Walter Richburg and Timothy Cyrus.

In the fall of 1993, a group of drug dealers operating out of the Fiorentino Housing Project (also known as the Pitkin projects) began competing with the Mora gang, which had a sales operation or "spot," located near the project.  Mora hired various "hitmen," including Petitioner, to retaliate against the Pitman Projects crew.  Petitioner's involvement included participation in various acts of violence on October 28, 1993, November 8, 1993, and February 10, 1994, which resulted in injury and death.

At the conclusion of the trial, the jury convicted petitioner of all fifteen charges against him, and this Court sentenced him to life terms on count 1 (18 U.S.C. § 1962(c) (RICO)), count 2 (18 U.S.C. § 1962(d) (RICO conspiracy)), count 34 (18 U.S.C. § 1959(a)(1) (murder in aid of racketeering)), and count 44 (21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine base and heroin), and to concurrent ten and twenty-year sentences on the remaining counts.

Procedural History

In June 1999, following his unsuccessful appeal, petitioner moved to vacate, set aside, or correct his sentence pursuant to

28 U.S.C. § 2255.  This motion was denied in a 39-page Memorandum

and Order dated September 29, 2001, *Vega v. United States*, CV-99-

3229 (CPS)(E.D.N.Y. September 29, 2001).  In his habeas petition,

petitioner claimed ineffective assistance of counsel, erroneous

jury instructions on the elements of aiding and abetting,

prosecutorial misconduct, improper testimony by key prosecution

witnesses, and insufficient evidence to support a conviction on

the count of narcotics distribution.  This court rejected

petitioner's ineffective assistance claims on the merits and

found the remaining claims to be procedurally-barred, as

petitioner failed to raise them on direct appeal and was unable

to demonstrate cause for failing to raise these issues or

prejudice resulting therefrom.  *Id.* at 34-38.  Petitioner also

filed three separate motions to amend his habeas petition

pursuant to 28 U.S.C. § 2242,[5] which this court found to be time-

barred under the Antiterrorism and Effective Death Penalty Act,

Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  *Id.* at 12-21.

Concluding that "petitioner ha[d] not made a substantial showing

of the denial of a constitutional right with respect of any of

his claims," this court denied petitioner's application for a

---

[5] In the three amendments to his petition, petitioner claimed that:
(1)his sentences were contrary to the new rule of criminal law established by
the Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466 (2000); (2) his
counsel was ineffective for failing to request a special verdict form; and
(3)his firearm convictions (counts 35 and 43) should be vacated in light of
*Castillo v. United States*, 530 U.S. 120 (2000), because the indictment omitted
an essential element of the offense, namely, the type of firearm used.

certificate of appealability.  *Id.* at 39.

By motion filed October 29, 2004, petitioner sought
reconsideration under Rule 60(b) of the denial of the Section
2255 petition, contending that his sentences under certain counts
should be vacated in light of *Blakely v. Washington*, 542 U.S. 296
(2004).  This court denied the motion on May 10, 2005, holding
that the motion was not within the scope of Rule 60(b) because it
questioned the underlying conviction and sentence instead of the
prior habeas proceeding.  *See Vega v. United States*, 2005 WL
1124512, at 4 (quoting *Gitten v. United States*, 311 F.3d 529, 534
(2d Cir. 2002).

On December 1, 2005, Petitioner filed the motion now before
this Court pursuant to Federal Rule of Civil Procedure 60(b),
seeking reconsideration of the September 29, 2001 memorandum and
order denying his Section 2255 petition.

Petitioner states that in March 2004 he was referred by the
Bureau of Prisons for a mental health evaluation to the U.S.
Medical Center for Federal Prisoners in Springfield, Missouri.
According to the evaluation, medical professionals found that
petitioner has "a history of depression and antisocial
personality disorder."  Petitioner's Ex. 1 (Response to Request
for Administrative Remedy).[6]  He asserts that the mental health

---

[6] With respect to evidence of his mental condition, petitioner has
submitted the statement cited above from Petitioner's Exhibit 1 (Response to
Request for Administrative Remedy) and stated in his declaration that

evaluation constitutes new evidence of his mental condition,

demonstrating that he could not have formed the requisite intent

for the commission of the offenses of which he was convicted.

Petitioner also asserts that counsel was ineffective for

neglecting to request a mental evaluation before trial or

sentencing.  The government contends in its response papers that

the Rule 60(b) motion should be treated as a successive attack on

the underlying judgment and transferred to the Second Circuit to

decide whether petitioner should be granted leave to file a

second Section 2255 petition.  Alternatively, the government

contends that the motion be denied because it attacks the

underlying conviction and sentence and is therefore not within

the scope of Rule 60(b).  *See* Government's Opposition Memorandum,

pp. 4-5.

By letter dated July 10, 2006, Petitioner states that

following the government's suggestion in its response papers, he

filed an application in the Second Circuit, requesting that the

Court of Appeals permit him to bring a successive 28 U.S.C. §

2255 petition.  The Court of Appeals denied petitioner's

application, "as it does not satisfy the criteria set forth in 28

U.S.C. § 2255," *Vega v. United States*, No. 06-2182, (2d Cir.

2006), but stated that the denial was "without prejudice to

---

"psychologist M. Bailey, of Adx [sic] Florence, in December of 2004, made the
inference that I suffer from delusional disorder, that is, paranoid
schizophrenia."  Vega Declaration, p. 2.

petitioner refiling his application accompanied by copies of the medical records that allegedly demonstrate his lack of competence and/or ability to form the intent required for conviction on the charges at issue." *Id* (citing Fed. R. Civ. Proc. 60(b)). Accordingly, based on petitioner's July 10, 2006 letter and the Second Circuit's order, this court considers petitioner as having refiled his motion pursuant to Federal Rule of Civil Procedure 60(b). The government has not responded to petitioner's letter. For the reasons stated below, the motion is denied.

## DISCUSSION

Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from final judgment. *See* Fed. R. Civ. P. 60(b). A motion pursuant to Rule 60(b) is "addressed to the sound discretion of the district court and [is] generally granted only upon a showing of exceptional circumstances." *Mendell, on Behalf of Viacom, Inc. V. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990). "Evidence in support of the motion to vacate a final judgment [must] be highly convincing," *Kotlicky v. United States Fidelity Guar. Co.,* 817 F.2d 6, 9 (2d Cir. 1987); *Raposo v. United States,* 2005 WL 292750, at 2 (S.D.N.Y. 2005)(the "highly convincing" evidence requirement also applies to *pro se* litigants)(citing cases).

"A true Rule 60(b) motion must be predicated on one of five

narrow and specific grounds or on a sixth ground which, despite
its open wording, has been narrowly cabined by the precedent of
this Court." *United States v. Harris,* 367 F.3d 74, 80 (2d Cir.
2004). They include the following:

> (1)mistake, inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence...;(3) fraud...;
> (4) the judgment is void;(5)the judgment has been
> satisfied, released or discharged, or a prior judgment
> upon which it is based has been reversed or otherwise
> vacated, or it is no longer equitable that the judgment
> should have prospective application; or (6) any other
> reason justifying relief from the operation of the
> judgment.

Fed. R. Civ.P. 60(b); *see also Harris*, 367 F.3d at 80; *Rodriguez,*
252 F.3d at 199. Petitioner identifies Rule 60(b) subsections
(1), (2) and (6) as grounds on which to reopen his habeas
proceeding. (Petitioner's motion, filed December 9, 2005, at 1).

Analysis of Petitioner's Claims

*Rule 60(b)(1) and (2)*

Any motion filed under the premise of mistake, Rule
60(b)(1), or newly discovered evidence, Rule 60(b)(2), must be
brought "not more than one year after the judgment, order or
proceeding was entered or taken." *See* Fed. R. Civ. Proc. 60(b).
Here, petitioner's motion filed December 9, 2005 seeks
reconsideration of the September 29, 2001 memorandum and order
denying his Section 2255 petition. Therefore, petitioner's
motion brought under either Rule 60(b)(1) or Rule 60(b)(2) is

time barred.

*Rule 60(b)(6)*

The third ground, ineffective assistance of counsel, cannot meet the stringent standard under Rule 60(b)(6),[7] which only affords relief in "extraordinary circumstances" or "extreme hardship." *Harris* 367 F.3d at 81 (citing *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)). For purposes of Rule 60(b)(6), to qualify as "extraordinary circumstances," "a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." *Id.* (internal citations omitted); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 32 Fed. Appx. 604, 605 (2d Cir. 2002). The "exceptional circumstances" necessary for the granting of a Rule 60(b)(6) motion is "addressed to the discretion of the district court judge." *Cirami*, 535 F.2d 736, 739 (citing *Schwartz v. United States*, 384 F.2d 833, 835 (2d Cir. 1967)). However, "[the Second Circuit] *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct." *Harris,* 367 F.3d at 81, (emphasis in original).

Here, petitioner asserts that his counsel rendered ineffective assistance because he failed to ascertain what he

---

[7] Rule 60(b)(6) concerns "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion must be made "within a reasonable time." Fed. R. Civ. Proc. 60(b).

terms newly discovered evidence of his mental condition of depression and antisocial personality disorder. However, this does not approach "a level of deficiency that could remotely be deemed "abandonment," and therefore an "extraordinary circumstance." *See Harris* 367 F.3d at 81; *see also Cirami* 535 F.2d at 741.[8] Accordingly, due to the absence of any extraordinary circumstance under Rule 60(b)(6), petitioner's motion brought under Rule 60(b)(6) is denied.

*Motion for Appointment of Counsel*

Petitioner requests that this court appoint him an attorney "to assist [him] in this complex[] . . . matter." Petitioner's Letter to Judge Sifton, July 10, 2006, p. 2; see also Petitioner's Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(2)(b), filed on Feb. 13, 2007 and Petitioner's Motion for Appointment of Counsel Pursuant to 18 U.S.C.A. § 1915(E)(1), filed on Nov. 13, 2007.

Under 18 U.S.C. § 3006A(2)(b), "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided to any financially eligible person who is seeking relief under . . .

---

[8] While "there is authority for the proposition that where the conduct of counsel is grossly negligent, there may be a basis for relief under Rule 60(b)(6)," *Cirami*, 535 F.2d at 740, see *L.P. Steuart, Inc. v. Matthews,* 117 U.S.App.D.C. 279, 329 F.2d 234 (where the personal problems of counsel caused him to grossly neglect a diligent's client's case and mislead the client), this circuit "has required the movant to show exceptional circumstances" or "extreme hardship." *Cirami*, 535 F.2d at 741.

[Section 2255]."  Similarly, under 28 U.S.C.A. §1915(E)(1), "the court may request an attorney to represent any person unable to afford counsel."  Because appointment of counsel is not necessary for the court to resolve petitioner's application, this request is denied.  *See Rodriguez v. U.S.*, 111 F.Supp.2d 112, 115 (D.Conn. 1999) (denying request for appointment of counsel because petitioner's claims were meritless and time-barred); *see also United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995) (observing that "[t]he apparent merits of the motion [for reduction of sentence] will no doubt be a significant factor in the exercise of [the court's] discretion").

### CONCLUSION

For the foregoing reasons, petitioner's motions under Rule 60(b) and for appointment of counsel are denied.  The clerk is directed to transmit a copy of the within to the parties and to the magistrate judge.


SO ORDERED.


Dated :   Brooklyn, New York
          September 2, 2008


                    By:  /s/ Charles P. Sifton (electronically signed)
                         United States District Judge