UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Jose Martin Vega,

                             Petitioner,    CV-99-3229 (CPS)

   - against -                           MEMORANDUM OPINION
                                                          AND ORDER

United States of America,

                             Respondent.
----------------------------------------X

SIFTON, Senior Judge.

After a fourteen week jury trial in 1995, petitioner *pro se* Jose Martin Vega ("Vega") was convicted on fifteen counts of racketeering and drug activity.[1] Thereafter, petitioner was sentenced to four concurrent life sentences plus an additional ninety years in prison. Presently before the Court is petitioner's application dated March 6, 2006 for a "Court Order Directing Petitioner's Place of Incarceration to Furnish Him with His Legal and Religious Property."

Plaintiff states that on February 1, 2006, following a

---

[1] Petitioner was convicted of count 1, 18 U.S.C. § 1962(c) (RICO); count 2, 18 U.S.C. § 1962(d) (RICO conspiracy); count 30, 18 U.S.C. § 884(i) (arson); count 31, 18 U.S.C. § 924(c)(1) (using and carrying a destructive device in relation to a crime of violence); counts 32 and 33, 18 U.S.C. § 1959(a)(5) (conspiracy to murder in aid of racketeering); count 34, 18 U.S.C. § 1959(a)(1) (murder in aid of racketeering); count 35, 18 U.S.C. § 924(c)(1) (using and carrying a firearm in relation to crimes of violence); count 37, 18 U.S.C. § 1959(a)(5) (murder conspiracy); count 38, 18 U.S.C. § 924(c)(1) (using and carrying of a firearm); count 40, 18 U.S.C. § 1959(a)(5) (murder conspiracy); count 41, 18 U.S.C. § 1959(a)(5) (murder conspiracy); count 42, 18 U.S.C. § 1959(a)(3) (assault in aid of racketeering); count 43, 18 U.S.C. § 924(c)(1) (carrying and using a firearm); and count 44, 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute cocaine base and heroin, all relating to the entire scheme).

disciplinary incident, his legal and religious materials were taken from him by Bureau of Prisons personnel. Petitioner states that while in ambulatory restraints, petitioner asked a prison official for his legal and religious materials, and the official responded, "You cannot have anything (meaning property) while in restraints." Vega Memorandum in Support of Motion, p. 2. On February 18, 2006, petitioner states that he was released from restraints. Between February 20, 2006 and March 3, 2006, he states that he requested his legal and religious materials and they were not returned to him. As of the date of petitioner's application, petitioner states that his material had not been returned. *Id.* at 3.

On April 25, 2006, after receiving petitioner's application to have his property returned to him, I issued an Order to Show Cause directing the government to explain why petitioner's request should not be granted. By letter dated July 6, 2006, the government stated that petitioner's property had recently been returned to him.[2] On July 13, 2006, I issued another Order to Show Cause, directing the petitioner to show cause on or before August 24, 2006, as to why his application should not be dismissed as moot for the reasons stated in the government's July

---

[2] The government stated in the letter that "certain of plaintiff's property was sent from the federal facility in Florence, Colorado to his current facility in Springfield, Missouri, and was received in Springfield on March 10, 2006." Letter from Government, July 6, 2006, p. 1 (citing Government's Exhibit A, Inmate Personal Property Record).

6 letter. Petitioner did not respond August 24, 2006, the date specified in the order. By letter dated January 3, 2007, the government again requested that petitioner's application be dismissed as moot.[3]

Accordingly, since petitioner does not contend that he continues to be deprived of religious properties which were the subject of these proceedings, or dispute the government's statement that he now has possession of his legal property, petitioner's application is dismissed as moot.

SO ORDERED.

    Dated :   Brooklyn, New York
               May 18, 2009
               By: /s/ Charles P. Sifton (electronically signed)
                              United States District Judge

---

[3] By letter dated April 26, 2007, petitioner inquired about the status of his application, and stated "[r]ecently, my legal materials and legal books have been seized because of a disciplinary incident in which I was placed in ambulatory restraints. I have [been] emancipated from restraints and yet the institution has not provided me with my property." Vega Letter, April 26, 2007. The government responded to Vega's letter on July 24, 2007, stating that "[i]nvestigation into plaintiff's allegations has revealed that, although plaintiff was deprived of his personal property for certain periods as a result of disciplinary penalties imposed on March 22, 2007, April 2, 2007, and June 25, 2007 respectively, the United States has not, at any time, deprived plaintiff of access to his legal materials." Letter from Government, July 24, 2006, p. 1. Benjamin Brieschke ("Brieschke"), Attorney Advisor at the Federal Bureau of Prisons, avers in his declaration accompanying the government's July 24 letter that plaintiff was deprived of his personal property on three occasions in connection with prison rules. *See* Brieschke Declaration ¶ 5. Brieschke further explains that
> "[a]t no time was his legal property taken as a sanction for his disciplinary actions. All inmates regardless of disciplinary status, are permitted to keep [three] cubic feet of legal property in their cell. Any amount of legal property over the [three] cubic feet limit, is stored by the unit counselor. The unit counselor is responsible for retrieving the stored legal material and providing it to the inmate when the inmate requests other material that being stored for the inmate. The stored material is exchanged for an equal amount of legal property that the inmate has in his cell. Petitioner's counselor informed me that Petitioner has had and does have access to his legal material."

Brieschke Declaration ¶ 6. Petitioner has not disputed these allegations.